2001 ME 153

**Michael LONGO**

v.

**Kathy GOODWIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 19, 2001.

Decided: Nov. 1, 2001.

Ferdinand A. Slater, Ellsworth, for plaintiff.

Philip C. Worden, Northeast Harbor, for defendant.

Panel: WATHEN, C.J.,* and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

* Wathen, C.J., participated in the initial conference, but resigned before this opinion was adopted.

CALKINS, J.

[¶ 1] Michael Longo appeals from the judgment of the District Court, (Ellsworth, *Staples, J.*) granting Kathy Goodwin's motion to withdraw her motion to modify parental rights and responsibilities. Longo also appeals the judgment of the District Court denying his motion (1) to set aside the withdrawal; (2) to declare the 1998 interim child support order ineffective; and (3) for a trial on child support. Longo argues that the trial court exceeded the bounds of its discretion in allowing Goodwin to withdraw her motion to modify. Longo also argues that an effect of the court's approval of Goodwin's withdrawal was to nullify the 1998 interim child support order, and, therefore, the court should have granted his request to restore a 1996 child support order. We affirm the judgment of the District Court, but we remand the matter for the issuance of a final child support order.

## I. BACKGROUND

[¶ 2] Longo and Goodwin are the parents of a ten-year-old child. In 1996 the District Court entered a judgment, by agreement, determining parental rights and responsibilities; granting primary residence of the child to Goodwin; and giving Longo the right to contact with the child pursuant to a schedule. The judgment with its attached child support order required Longo to pay child support in the amount of $57 weekly.

[¶ 3] In September 1998, Goodwin filed a motion to modify parental rights in which she requested that Longo's contact with the child be supervised for the reason that

another child had alleged sexual abuse by Longo. Goodwin's motion also stated that the parties agreed to a child support modification to $363 monthly.[1]

[¶ 4] Longo answered Goodwin's motion and denied all allegations except that he admitted that the parties had agreed to a modification of child support to $363 monthly. In November 1998, the parties attended a case management conference, at which they agreed to interim orders on child support and supervised visitation. The case management officer (CMO) signed a child support order setting the amount of child support at $83.66 weekly.

[¶ 5] Almost two years passed before the parties attended mediation sessions in June 2000, and the sessions did not result in an order.[2] Several months later Longo filed a request for a hearing on Goodwin's motion to modify parental rights. Longo stated that he intended to assert that any modification to child support be retroactive to the 1998 date when he was served with the motion to modify. He did not, however, in the request for a hearing or any other document, request an amendment of the child support amount.

[¶ 6] The District Court held a hearing on Goodwin's motion to modify in February 2001. Goodwin orally moved to withdraw her motion to modify, and Longo objected to the withdrawal. The court allowed Goodwin to withdraw her motion.[3]

[¶ 7] Longo then filed a motion in which he requested that the court (1) set aside its approval of Goodwin's oral motion to modify; (2) declare that the operative child support order is the 1996 order and that

1. The sum of $363 per month equals $83.76 per week.

2. The delay in this case was apparently caused by the fact that Longo was a defendant in a criminal case, in which he was acquitted,

and involved in a child protection matter that was resolved in his favor.

3. The court endorsed Goodwin's motion to modify as follows: "2/8/01 Oral motion to withdraw granted over objection."

the 1998 order is void; and (3) grant him a trial on the issue of child support. Longo's motion did not include a request to amend the child support amount. After a hearing, the court denied Longo's motion. Neither the February hearing nor the later hearing on Longo's motion was recorded. Longo did not request findings of fact and conclusions of law.

## II. WITHDRAWAL OF THE MOTION TO MODIFY

■ [¶ 8] Longo claims that the court abused its discretion in allowing Goodwin to voluntarily withdraw her motion for modification. He argues that the withdrawal forecloses him from seeking retroactive modification of the child support amount back to the date that Goodwin filed her motion to modify. The record, however, fails to disclose any occasion on which Longo moved for a modification of the child support amount.

[¶ 9] Longo made a judicial admission, in his response to Goodwin's motion to modify, that the parties agreed upon a child support modification to $363 per month. Even in his request to schedule Goodwin's motion for a hearing, in which he stated that he would request that any child support modification be retroactive to the date of the filing of Goodwin's motion, he did not ask that the child support amount be modified. Although the November 1998 case management order states that child support is an issue remaining in dispute, it is unclear why the issue was in dispute given Longo's judicial admission only six weeks earlier.

[¶ 10] The record does not reveal any prejudice to Longo from the court's refusal to set aside its approval of Goodwin's withdrawal of her motion. Longo argues that the court's approval of Goodwin's withdrawal denies him the opportunity to request that any child support modification be retroactive to the date of Goodwin's motion. He refers to 19–A M.R.S.A. § 2009(2) (1998) which reads: "Child support orders may be modified retroactively but only from the date that notice of a petition for modification has been served upon the opposing party, pursuant to the Maine Rules of Civil Procedure." Apparently Longo views the statute as allowing a party upon whom a motion for child support modification is served to ask that any modification be retroactive. The statute, however, only allows the *moving party* to ask for retroactivity.

■ [¶ 11] The policy behind the statute is to require that the party who may be adversely affected by a change in the child support amount be put on notice that the amount may change and that the change may be retroactive to the date of notice. *See Wood v. Wood*, 407 A.2d 282, 288 (Me.1979). Longo has not placed himself within the purview of section 2009(2) because he did not put Goodwin on notice that he was asking for a modification and asking that the modification be made retroactive. The record contains no indication whatsoever of the modification or amount that Longo may be contemplating.[4] Longo has failed to demonstrate an abuse of discretion by the court in allowing Goodwin to withdraw her motion to modify and in denying his motion to set aside the withdrawal.

4. Even in his brief to this Court Longo has not described what modification he is seeking to have made retroactive. We do not know if he hopes to demonstrate that the 1996 order should be decreased or if he only disputes the 1998 order. As far as we can discern he has never filed a child support worksheet or a proposed child support order. The District Court record contains two child support affidavits filed by Longo, one in 1995 and one in 1999. His annual income in both is identical.

## III. THE 1998 CHILD SUPPORT ORDER

[¶ 12] Longo argues that because the 1998 child support order was an interim order issued in response to Goodwin's motion to modify, once Goodwin's motion was withdrawn, the interim child support order became a nullity and the parties are now governed by the 1996 child support order. The 1998 child support order, however, was issued in response to his agreement that the child support amount be modified to $363 per month. The parties are bound by the terms of that order at least until it is superseded by another order, is terminated by operation of law,[5] or expires of its own terms.[6]

[¶ 13] The fact that a post-judgment child support order is termed an interim order does not mean that it is automatically void when the party who sought the post-judgment modification withdraws the motion. Interim orders are effective until a final order is issued. R. Fam. Div. M. Dist. Ct. III(G)(1).

[¶ 14] When Longo suggested to the court that the amount of child support was contested, as he did in his motion to set aside the withdrawal, the court held a hearing on his request to declare the 1998 child support order void. The court de-nied his request. Because the record is sparse and the hearing was not recorded, we do not know the basis of the court's denial.[7] Longo has not requested factual findings, and we assume that the court made all necessary findings to support its decision. *See Sewall v. Snook,* 687 A.2d 234, 236 (Me.1996). The court was obviously aware of the judicial admission by Longo, and it properly could have based its decision on that fact. We conclude that the trial court did not exceed the bounds of its discretion in refusing to set aside the 1998 child support order.

[¶ 15] The court, however, did not convert the interim order to a final order. Because the Family Division Rules anticipate that a final order shall be issued, R. Fam. Div. M. Dist. Ct. III(C), we remand the matter to the District Court so that the Family Division may issue a final order. The 1998 child support remains in full force and effect until it is superseded by a final order or otherwise modified.

The entry is:

Judgment affirmed. Case remanded to the District Court for further proceedings consistent with this opinion.

---

5. The obligation to pay child support terminates when the child marries, becomes a member of the armed services, or attains the age of 18 (unless the child is still in secondary school, in which case the order remains in effect until the child turns 19). 19–A M.R.S.A. § 1653(12) (1998).

6. The child support order states:
   The child support obligation shall continue for each child until that child reaches the age of 18; provided, however, that if the child has not graduated, withdrawn, or been expelled from secondary school as defined in Title 20–A, the child support shall continue until the child graduates or reaches the age of 19, whichever occurs first.

The language of the order, printed on a standard form, is taken from 19–A M.R.S.A. § 1653(8)(B) (1998).

7. The court endorsed Longo's motion as follows: "This motion is denied for reasons argued by [Goodwin]." In her memorandum to the court, Goodwin argued that Longo's motion should be denied because (1) Longo affirmatively agreed to the amount of child support; (2) Goodwin's withdrawal should be interpreted as a withdrawal of only the contested portion of her motion, which was her request for supervised visits; and (3) Longo failed to file a motion to reduce child support.