2009 ME 107

**Merrill A. EFSTATHIOU**

v.

**Dennis A. EFSTATHIOU.**

Supreme Judicial Court of Maine.

Argued:  Sept. 17, 2009.
Decided:  Oct. 27, 2009.

Michael J. Donlan, Esq. (orally), Verrill Dana, LLP, Portland, ME, for Merrill A. Efstathiou.

Ronald P. Lebel, Esq., Kelly L. Turner, Esq. (orally), Skelton, Taintor & Abbott, Auburn, ME, for Dennis A. Efstathiou.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

JABAR, J.

[¶ 1] Merrill A. Efstathiou appeals from a judgment of the District Court (York, *Cantara, J.*) denying her motion for contempt filed against her ex-husband, Dennis A. Efstathiou, seeking to compel compliance with economic provisions in the parties' divorce judgment. Merrill argues that: (1) Dennis was collaterally estopped from raising issues that had been resolved in the divorce judgment; (2) the court erred in finding that Dennis lacked the ability to pay what he owes pursuant to the divorce judgment; and (3) the court abused its discretion in denying Merrill's request for attorney fees. We vacate the judgment and remand for a determination of whether Dennis complied with the divorce judgment to the fullest extent possible.

## I. BACKGROUND

[¶ 2] The lengthy history of the litigation leading to this proceeding is discussed in *Efstathiou v. Aspinquid, Inc.*, 2008 ME 145, 956 A.2d 110, and need not be recounted in great detail. In *Efstathiou*, we affirmed, except to correct a technical error, a judgment entered in Merrill and Dennis's divorce proceeding in the District Court (*Westcott, J.*). 2008 ME 145, ¶ 4, 956 A.2d at 114. Among the provisions of the divorce judgment that we affirmed were requirements that Dennis pay: (1) $408,500 to Merrill within ninety days to equalize the distribution of property; and (2) child support and spousal support. *See id.* ¶¶ 45–46, 49, 50–55, 59–62, 956 A.2d at 123–26.

[¶ 3] On January 9, 2009, Merrill filed a motion for contempt, asserting that Dennis had willfully failed to comply with the divorce judgment by failing to make the $408,500 payment, failing to remain current in child support and spousal support payments, and failing to reimburse her for medical and dental expenses for the parties' minor daughter. Dennis objected to the motion on the grounds that he was unable to make the ordered payments and that he had never received the child's medical bills.

[¶ 4] Following an evidentiary hearing on April 17, 2009, the District Court (*Cantara, J.*) entered a judgment denying Merrill's motion for contempt on the ground that she failed to establish Dennis's current ability to make the $408,500 payment. The court found that Dennis had applied for loans at five banking institutions to cover the $408,500 payment, but that all of his loan applications were denied. The court credited the testimony of two bank representatives, both of whom testified that Dennis did not qualify for a $408,500 loan.

[¶ 5] Regarding spousal and child support, the court found that Dennis's income had been "greatly reduced" during the relevant time period, and that Merrill had failed to establish that he was in contempt for failing to pay either spousal support or child support. The court also found that Dennis did not willfully disobey the divorce judgment regarding the medical and dental bills because Dennis was not made aware of those bills until just before the hearing. Merrill appealed, and raises only the issue of Dennis's ability to pay the $408,500 required by the divorce judgment.

## II. DISCUSSION

### A. Collateral Estoppel

[¶ 6] We first address Merrill's contention that collateral estoppel bars the relitigation of issues of fact decided by the prior divorce judgment, specifically Dennis's ability to make an equitable payment to

Merrill of $408,500.[1]

[¶ 7] Collateral estoppel prevents a party from relitigating factual issues already decided "if the identical issue necessarily was determined by a prior final judgment, and the party estopped had a fair opportunity to litigate the issue in the prior proceeding." *Gillman v. Dep't of Human Servs.,* 1998 ME 122, ¶ 9, 711 A.2d 154, 156. A final judgment in a divorce proceeding may preclude the relitigation of an issue decided in that proceeding. *See Mills v. Mills,* 565 A.2d 323, 324 (Me.1989).

[¶ 8] A contempt proceeding is unique because a motion for contempt asks the court to exercise its discretionary authority to determine whether a party has failed to comply with a court order when that party has a present ability to do so. *Ames v. Ames,* 2003 ME 60, ¶ 22, 822 A.2d 1201, 1207 ("For a court to find contempt, the alleged contemnor must be presently able to comply with the court's order."); *see also Gillman,* 1998 ME 122, ¶ 10, 711 A.2d at 156. Because circumstances may change post-judgment, the issue of an alleged contemnor's ability to pay may be raised by the contemnor even if the court in the underlying judgment ruled on a party's ability to pay. *See Ellis v. Ellis,* 2008 ME 191, ¶¶ 24–25, 962 A.2d 328, 334–35. Collateral estoppel is therefore inapplicable in this case because Dennis's present ability to comply with the divorce judgment is not the identical issue as Dennis's ability to comply at the time of the divorce proceeding. The issue of Dennis's present ability to comply with the prior judgment was thus properly before the court upon Merrill's motion for contempt.

**B. Partial Compliance**

[¶ 9] Merrill also argues that the court's factual findings regarding Dennis's ability to comply with the divorce judgment are unsupported in the record. Specifically, Merrill asserts that the court's finding that Dennis was unable to obtain a loan to satisfy the $408,500 judgment was erroneous. Additionally, Merrill contends that the court erred by failing to consider Dennis's assets in determining his ability to pay.

[¶ 10] We review the factual findings reached in a contempt proceeding for clear error. *Wrenn v. Lewis,* 2003 ME 29, ¶ 13, 818 A.2d 1005, 1009. Moreover, because Merrill did not request further findings of fact pursuant to M.R. Civ. P. 52(a), we assume that the court made any necessary subsidiary findings that are supported by competent evidence in the record. *See Fitzpatrick v. Fitzpatrick,* 2006 ME 140, ¶ 17, 910 A.2d 396, 401; *D'Angelo v. McNutt,* 2005 ME 31, ¶ 6, 868 A.2d 239, 242. An appellant "can prevail on a sufficiency of the evidence challenge to a finding that her burden has not been met only if she demonstrates that a contrary finding is compelled by the evidence." *Westleigh v. Conger,* 2000 ME 134, ¶ 12, 755 A.2d 518, 520.

[¶ 11] For a court to find a party in contempt, the complaining party must establish by clear and convincing evidence that the alleged contemnor failed or refused to comply with a court order and presently has the ability to comply with that order. M.R. Civ. P. 66(d)(2)(D); *Ellis,* 2008 ME 191, ¶ 24, 962 A.2d at 334; *White v. Nason,* 2005 ME 73, ¶ 7, 874 A.2d

1. The motion court did not explicitly reach conclusions on the collateral estoppel issue. Whether collateral estoppel bars a particular litigation is an issue of law we review de novo. *See Portland Water Dist. v. Town of Standish,* 2008 ME 23, ¶ 7, 940 A.2d 1097, 1099.

891, 893; *Wells v. State*, 474 A.2d 846, 851 (Me.1984).

■ [¶ 12] After considering the evidence, the motion court found that Merrill failed to prove, "by clear and convincing evidence, that [Dennis] has the power to comply with the [divorce judgment] regarding a present ability to pay [Merrill] $408,500." In the absence of a motion for findings pursuant to M.R. Civ. P. 52, and because the court, as fact-finder and sole arbiter of witness credibility, was free to selectively accept or reject portions or all of any witness's testimony, *see Dionne v. LeClerc*, 2006 ME 34, ¶ 15, 896 A.2d 923, 929, we cannot say that the record compels a contrary finding as to Dennis's ability to pay the full $408,500. Certainly, there is countervailing evidence in the record, such as evidence of the fortuitous timing of The Aspinquid, Inc.'s lawsuit against Dennis,[2]

the misleading financial statements Dennis offered in connection with his loan applications,[3] Dennis's payment of certain other debts since the divorce judgment,[4] and Dennis's substantial gross income ($121,-784 in 2007, and $119,212 in 2008) during the relevant time period.[5] Notwithstanding this significant conflicting evidence, there is competent evidence in the record, including the testimony of the two bank representatives, that supports the court's finding that Dennis was unable to secure a loan or make the full $408,500 payment.

■ [¶ 13] However, the ability to pay or comply with a court order is not an all or nothing proposition. The court's analysis cannot end with a finding that an alleged contemnor cannot pay the entire amount due. " '[A] person subject to court order must comply to the fullest extent

---

2. The Aspinquid, Inc. is the Efstathiou family business. *See Efstathiou v. Aspinquid, Inc.*, 2008 ME 145, ¶ 1, 956 A.2d 110, 114. Acting through Dennis's brother, Aspinquid filed a complaint against Dennis roughly a month after our decision in *Efstathiou*, seeking to recoup money the company had loaned to Dennis as a shareholder.

Merrill calls particular attention to an e-mail from Dennis's attorney to Aspinquid's attorney, which reads: "I'd like to send a letter to the Court today indicating there is no objection from Dennis ... do you think that might be seen as collusive? [T]hat would save at least 21 days. Let me know." Dennis did not contest Aspinquid's allegations, and, upon Aspinquid's motion, a judgment on the pleadings was entered on November 14, 2008, for approximately $728,000.

Both Dennis and the attorney for Aspinquid denied that this proceeding was intended to interfere with Dennis's ability to obtain a loan to pay Merrill.

3. In the financial statement filed with his loan request from Ocean Bank, Dennis reported a negative net worth of $69,612. Dennis included the divorce judgment as an attachment to the financial statement, and specifically referenced pages seven and eight, below the section entitled "other assets." Across from

this section, Dennis listed a value of $52,594. Dennis did not reference page six of the attached divorce judgment, which lists his $625,000 marital interest in Aspinquid, and his equity interest in real estate, owned through the Lily Andrews Family Limited Partnership, valued at $327,429. If these omitted items, valued at $952,429, were included, the financial statement would have disclosed a positive net worth of $882,817, rather than the negative $69,612 figure listed.

Dennis also failed to specifically reference his nonmarital interest in Aspinquid. At the contempt hearing, Dennis conceded that he owned approximately 42.5% of Aspinquid, valued at roughly $1,500,000. If Dennis had included his marital and nonmarital interests in Aspinquid in the financial statement submitted to Ocean Bank, his net worth would have been approximately $1,758,000.

4. Among other payments, Dennis paid off approximately $5000 in existing credit card debt, $36,000 in legal fees incurred during the divorce proceedings, and $20,000 toward various loans.

5. Dennis also sold various assets following the divorce judgment, including a motorcycle for $8000, and an ATV for $4000.

possible, regardless of whether such efforts result in compliance in whole or in part.'" *SEC v. Musella,* 818 F.Supp. 600, 602 (S.D.N.Y.1993) (quoting *Piambino v. Bestline Prods., Inc.,* 645 F.Supp. 1210, 1214 (S.D.Fla.1986)); *see also Nauman v. Nauman,* 320 N.W.2d 519, 520 (S.D.1982) ("While it may be true that appellant did not have the funds to satisfy the full obligation imposed by the court's decree, he obviously had the ability and capacity to do better than he did."); 17 C.J.S. *Contempt* § 21 (1999) ("When an order requires a party to pay a sum certain, a mere showing that the party was unable to pay the entire amount by the date specified is insufficient to avoid a finding of contempt."); 24A Am.Jur.2d *Divorce and Separation* § 922 (1998) ("[A]n obligor spouse who is able to comply in part with an order . . . but who pays nothing is guilty of contempt of court.").

[¶ 14] Although we cannot conclude that the court erred in finding that Dennis did not have the present ability to pay the full $408,500, the court could not have found, even assuming all subsidiary findings in a way that supports its judgment, that Dennis was unable to pay some portion of the $408,500. Dennis argues that he had neither the cash nor the assets necessary to raise $408,500. While we accept the motion court's finding that Dennis was unable to pay the total amount, no competent evidence on the record supports a finding that Dennis was unable to pay a portion of the $408,500, or that he complied with the divorce judgment to the "fullest extent possible." *Musella,* 818 F.Supp. at 602; *Piambino,* 645 F.Supp. at 1214. Indeed, the record compels a finding to the contrary. *See Westleigh,* 2000 ME 134, ¶ 12, 755 A.2d at 520.

[¶ 15] Dennis personally owned real estate with equity of roughly $125,000. In addition to paying down significant debt following the divorce judgment, Dennis received approximately $32,000 from the sale of assets and tax refunds. He earned $121,784 and $119,212 in 2007 and 2008, respectively, during which time he lived rent-free in accommodations owned by Aspinquid. The District Court judgment appears to have taken an all or nothing approach, and failed to consider Dennis's ability to pay a portion of the total amount. By failing to consider whether Dennis complied to the "fullest extent possible," *Piambino,* 645 F.Supp. at 1214, the court erred as a matter of law.

[¶ 16] On remand, the District Court is instructed to determine whether Dennis complied with the divorce judgment to the fullest extent possible. The court may, in its discretion, reopen the record to receive additional evidence.

## C. Attorney Fees

[¶ 17] A determination of reasonable attorney fees is a factual matter for the trial court. *Advanced Constr. Corp. v. Pilecki,* 2006 ME 84, ¶ 35, 901 A.2d 189, 200 (citing *Beaulieu v. Dorsey,* 562 A.2d 678, 680 (Me.1989)). In light of our decision, on remand the trial court should reconsider whether attorney fees should be awarded.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.