2010 ME 5

**Susan E. LEVASSEUR**

v.

**John L. LEVASSEUR.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 23, 2009.

Decided: Jan. 26, 2010.

---

Tammy Ham–Thompson, Esq., Farris Law, P.A., Gardiner, ME, for John L. Levasseur.

Ronald P. Lebel, Esq., Kelly L. Turner, Esq., Skelton, Taintor & Abbott, Auburn, ME, for Susan E. Levasseur.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

LEVY, J.

[¶ 1] John L. Levasseur appeals from a judgment entered by the District Court (Lewiston, *Lawrence, J.*) on the parties' cross-motions to modify their divorce judgment. We modify the judgment regarding John's unpaid portion of retroactive child

support and his portion of the uninsured medical and dental expenses, and, as modified, affirm the judgment.

## I. BACKGROUND

[¶ 2] Susan E. Levasseur and John L. Levasseur are the parents of a daughter who is a minor and a son who has reached the age of majority. Upon their divorce in 1995, John was ordered to pay child support and to maintain health insurance for the children. In 2004, the weekly child support was ordered decreased.

[¶ 3] The parties filed cross-motions to modify the judgment in 2008. After a hearing in November 2008, the District Court entered a detailed judgment which determined that John owed Susan $202.53 for his portion of the uninsured medical and dental expenses incurred for the children. The court also concluded that John was required to pay $88 per week between June 6, 2008, and November 14, 2008, but that he had only been paying $50 per week. Thus, the court ordered John to pay $874 for past due child support from any tax refunds he received from his 2008 federal or state tax filings. In determining the child support, the court concluded that it was in the daughter's best interest to be insured under Susan's health insurance at an expense of $25.17 per week, rather than John's health insurance, which cost $65.99 per week.

[¶ 4] John moved the court to amend its judgment pursuant to M.R. Civ. P. 59(e) on the basis that the court erred in calculating child support. In response, Susan objected and filed a cross-motion to amend. The court granted the motions in part to correct minor errors but did not substantively alter its prior judgment. John's appeal followed.

## II. DISCUSSION

[¶ 5] The issues presented are whether the court abused its discretion or erred in calculating John's (A) prospective child support, (B) retroactive child support, and (C) obligation to pay uninsured medical and dental expenses that had accumulated from 2002 to 2008.

[¶ 6] We review a trial court's modification of child support for an abuse of discretion and its factual findings for clear error. *See Holbrook v. Holbrook,* 2009 ME 80, ¶ 8, 976 A.2d 990, 994. The trial court has the discretion to retroactively modify child support orders to the date that a motion to modify was served upon an opposing party pursuant to 19–A M.R.S. § 2009(2) (2008). *See Nicholson v. Nicholson,* 2000 ME 12, ¶ 9, 747 A.2d 588, 591.

### A. Prospective Child Support

[¶ 7] John contends that the court erred in calculating his child support obligation because the court required him to pay a pro rata share of the total insurance premium even though Susan testified that she would not incur any additional increase in her health insurance premiums by adding her daughter to her coverage. The record confirms that Susan testified as John claims. Nonetheless, Susan's testimony was not the only evidence on this subject. The parties had stipulated that it would cost Susan $25.17 per week to insure the daughter. As we have previously stated, stipulations "should be adhered to unless it becomes apparent that it may inflict a manifest injustice upon one of the contracting parties or where it becomes evident that the agreement was made under a clear mistake." *MP Assocs. v. Liberty,* 2001 ME 22, ¶ 29, 771 A.2d 1040, 1049 (quotation marks omitted). The court did not err by relying on the parties' stipulation.

### B. Retroactive Child Support

[¶ 8] The District Court retroactively modified John's child support obli-

gation for the period between June 6 and November 14, 2008, by increasing it to $88 per week. Because the court found that John had only been paying $50 per week during that period, the court found that John's unpaid portion of this retroactive increase was $874. As part of its retroactive child support determination, the court added the health insurance payments for the daughter in the amount of $25.17 per week to the calculation for the entire period of time.

[¶ 9] As we have noted, the parties stipulated at the hearing that it would cost Susan $25.17 per week to provide health insurance for the daughter. There was no evidence, however, that Susan incurred that expense between June 6 and November 14. Rather, the undisputed evidence was that John, consistent with the existing child support order, had paid $65.99 per week to insure the daughter during that period. Consequently, the court's calculation of John's retroactive child support obligation was in error. *See* 19–A M.R.S. § 2006(3)(C) (2008); *see also Nadeau v. Nadeau,* 2008 ME 147, ¶¶ 53, 54, 957 A.2d 108, 122; *Foley v. Ziegler,* 2007 ME 127, ¶ 12, 931 A.2d 498, 501.

[¶ 10] Accounting for the health insurance premium actually paid by John, his child support obligation for the period June 6 to November 14 was $37 per week, and not $88 per week. Because John paid $50 per week during that period, he overpaid his support obligation by $13 per week. This multiplied by twenty-three weeks results in a child support credit of $299.

## C. Calculation of Uninsured Medical and Dental Expenses

 [¶ 11] John asserts that the District Court erred in determining that the net amount he owed for the children's uninsured medical and dental expenses was $202.53.[1] He contends that the court's calculation of his share of the uninsured medical and dental expenses erroneously included certain expenses for the son that were incurred after the son had turned eighteen and graduated from high school. *See* 19–A M.R.S. § 1653(8)(B) (2008) ("[T]he court order must require that the child support be provided beyond the child's 18th birthday if the child is attending secondary school ... until the child graduates, withdraws or is expelled from secondary school or attains the age of 19, whichever occurs first."); *see also Longo v. Goodwin,* 2001 ME 153, ¶ 12, 783 A.2d 159, 162. With the elimination of these expenses from the determination, John owes Susan $91.61 for his share of the uninsured medical and dental expenses.

## D. Conclusion

[¶ 12] Based on our review, the District Court's judgment must be modified as follows: paragraph two of the District Court's conclusions of law is modified to require John to pay $91.61 for his share of the uninsured medical and dental expenses; and paragraph three is modified to eliminate the entire unpaid portion of the retroactive child support increase and to provide John with a child support credit of $299.

The entry is:

Judgment of the District Court is modified in accordance with this opinion and as modified is affirmed.

---

1. We are not persuaded by John's arguments that either res judicata or laches precludes Susan's recovery of all the uninsured medical and dental expenses.