MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2013 ME 56
Docket:        Han-12-420
Submitted
  On Briefs:   April 25, 2013
Decided:       June 6, 2013

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.


ABBY L. KING

v.

THOMAS E. KING


ALEXANDER, J.

[¶1]  Abby L. King appeals from a divorce judgment of the District Court (Ellsworth, *Mallonee, J.*) ending her marriage to Thomas E. King; determining, in part, the parental rights and responsibilities as to the child of the marriage; and distributing what remained of the marital estate after transfers by Thomas to third parties.  We vacate the court's judgment because it does not address Thomas's responsibility for child support.  On remand, the court should review its entire judgment to ensure that the judgment reflects an equitable resolution of the financial disputes between the parties in light of Thomas's apparent violation of the court's financial preliminary injunction.

## I. CASE HISTORY

[¶2]   Abby filed a complaint for divorce from Thomas in October 2010. Upon the filing of the divorce complaint, an injunction automatically issued barring either party from "transferring, encumbering, concealing, selling or otherwise disposing of the property of either or both of the parties, except in the usual course of business or for the necessities of life, without the written consent of the parties or the permission of the court."  *See* 19-A M.R.S. § 903(1)(B)(1) (2012).  A deputy of the Hancock County Sheriff personally served the complaint and the injunction on Thomas.  *See* 19-A M.R.S. § 903(1)(A) (2012).

[¶3]   The marital estate included real estate in Ellsworth, a Mustang automobile, and personal property.  Thomas's nonmarital property included a camp lot in Ellsworth, personal property, tools, and stock in a family business.  In addition, Thomas owned an IRA.  The court did not determine whether the IRA was marital or nonmarital.

[¶4]   During the divorce proceedings, Thomas was convicted of a single federal charge of possession of child pornography after he installed a hidden camera in the bathroom of his home and surreptitiously recorded pictures of his

stepdaughter and daughter, both about age twelve.[1] Thomas's actions creating child pornography had occurred before the initiation of the divorce proceedings.

[¶5] Thomas's stepdaughter, one of the victims of the child pornography, is Abby's child from another relationship. Thomas's daughter, the second victim, is his child with a former girlfriend with whom Thomas has continued contact. His daughter lives with the former girlfriend.

[¶6] Despite the outstanding injunction against transfer of property, Thomas gave his daughter and his former girlfriend the IRA, the Mustang, and most of his stock in his family's business, while the divorce was pending. The record suggests that the net value of the transferred property was between $120,000 and $140,000. According to Thomas, these transfers were to settle his daughter's and his former girlfriend's civil claims, pending against him in the Superior Court, resulting from his child pornography activity. Abby testified that, in contrast, Thomas did nothing to make financial amends with his stepdaughter.

---

[1] We take judicial notice of the dockets of the U.S. District Court for the District of Maine and the U.S. Court of Appeals for the First Circuit. *See Guardianship of Jewel M.*, 2010 ME 80, ¶ 24, 2 A.3d 301 (stating that a court may take judicial notice of pleadings and docket entries in other cases); *see also* M.R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). The U.S. District Court docket reveals that Thomas pleaded guilty to a single count of possession of child pornography in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West, Westlaw through P.L. 113-9 (excluding P.L. 113-4)), and that the court sentenced him to seventy-two months imprisonment, five years supervised release, and a $100 special assessment. Docket, United States v. King, No. 1:11-cr-00121 (D. Me. Aug. 21, 2012). Thomas has appealed from the court's sentence but does not challenge his conviction. Br. & Addendum of Def.-App., United States v. King, No. 12-2047 (1st Cir. Mar. 12, 2013).

4

[¶7]   Because Thomas's daughter is a minor, the Superior Court was required to review and approve his proposed settlement of her civil claims. *See* 14 M.R.S. § 1605 (2012); M.R. Civ. P. 17A.   Only one proposed settlement appears in the record on appeal, but the Superior Court rejected that settlement in October 2011.   The record does not indicate the reason the settlement was not initially approved.   Our review of the docket entries in the minor settlement case reveals that the Superior Court (Hancock County, *A. Murray, J.*) approved a modified minor settlement in December 2011.   The precise terms of that settlement are not in the record.   Further, it is unclear whether the Superior Court, before its approval of the settlement and asset transfers, was informed of the District Court injunction barring Thomas from transferring the assets distributed by the settlement.

[¶8]   Together, the parties are the parents of a son, who was born in 2004. The court awarded sole parental rights and responsibilities to Abby.   Abby was ordered to follow the advice of a counselor concerning contact between Thomas and the son.

[¶9]   Thomas testified that he transferred the remaining stock in the family business to the son.   He claimed to have placed the stock in an account in the son's name over which Thomas's mother has control.   This structure appears to leave Abby without access to the stock and thus she cannot use it to care for the son.

Effectively, Thomas's asset transfers while the injunction was in force removed Abby's capacity to access any of Thomas's assets, substantial when the injunction issued, to care for the parties' son or to provide resources to Abby or her daughter in the divorce or any other proceeding.

[¶10] The District Court held a contested hearing on January 12, 2012. The court entered its judgment on March 8, 2012.

[¶11] The court found that Thomas committed financial misconduct in two ways: (1) through the criminal activity that led to his incarceration, and (2) by distributing assets during the divorce in violation of the court's injunction. The court held that Thomas's transfer of the nonmarital stock "substantially altered the financial configuration of the parties and deprived [Abby] of access to an asset that might have been used to fulfill marital obligations." The court awarded Abby the few not-transferred marital assets having any monetary value and Thomas's nonmarital camp lot as reimbursement support.[2] The record suggests that the camp lot, next to Thomas's parents' camp, is unbuildable, of little value, and may impose property tax liability on Abby. The court permitted Thomas to keep his tools, reasoning that he would need them to make a living after his release from prison.

---

[2] Title 19-A M.R.S. § 951-A(2)(C) (2012) permits a divorce court to award reimbursement spousal support upon a finding of economic misconduct by a spouse and a determination "that the parties' financial circumstances do not permit the court to fully address equitable considerations through its distributive order." The trial court's order contains the required finding and determination.

6

[¶12]   In its resolution of the financial misconduct issue, the court stated, "This award is the only practical order this court can enter that might secure meaningful financial support for either Ms. King or for [Thomas's son]."  The court appeared to conclude that because the bulk of Thomas's assets had been transferred to third parties, albeit in violation of the court's injunction, the court was powerless to sanction Thomas for the transfers or otherwise seek to secure some of the assets to distribute as part of the divorce judgment.

[¶13]   Abby moved for additional findings and conclusions, or reconsideration, after the court entered its judgment.  Abby's motion sought an order that the stock, the IRA, and the Mustang should be given to her and requested that the court include language related to child support.  The court denied the motion, stating, "All issues were fully addressed in the court's judgment.  The court cannot order a non-party to turn property over to a party." Abby timely appealed.

## II.  LEGAL ANALYSIS

[¶14]   Thomas is a convicted child pornographer who transferred assets in violation of a court order during the pendency of his divorce.  His crimes leave him likely unable to pay child support, at least during his incarceration, which is projected to last another four to five years unless altered on appeal.  His violation of the injunction severely prejudiced Abby and provided compensation for one

victim of his crime, his daughter, while providing nothing to the other victim, his stepdaughter. We vacate the court's judgment and remand for it to address child support and examine anew possible sanctions for the violation of its injunction. *See Dostanko v. Dostanko*, 2013 ME 47, ¶¶ 10, 13, --- A.3d --- (holding that a court may impose a contempt sanction equal to the loss to the other party resulting from the intentional violation of a court order).

A.    Child Support

[¶15]   Although the parties have not addressed the issue in their briefs,[3] we note that the District Court did not address child support in its judgment. We have previously stated that it may be appropriate for us to comment on an error that the parties did not raise on appeal because of an issue's "importance to the management of cases in the trial courts." *See Stanley v. Hancock Cnty. Comm'rs*, 2004 ME 157, ¶ 27, 864 A.2d 169.

[¶16]   Title 19-A M.R.S. § 1653(2)(D)(3) (2012) requires that any order awarding parental rights and responsibilities must include "[a] provision for child support . . . or a statement of the reasons for not ordering child support." Further, any order awarding child support must notify the parents that they may seek review

---

[3] In her motion for additional findings and conclusions or reconsideration and in her notice of appeal, Abby asserted that the trial court erred in failing to address child support. She did not, however, address the issue in her brief.

8

and modification of the order in the future. 19-A M.R.S. § 2006(9) (2012).[4] The statute also contains other requirements, including specific findings, for a judgment awarding child support. *See* 19-A M.R.S. § 2006(7), (8) (2012). The statute requires this level of specificity, in part, "to enable the parties to reduce the incidence of formal modification procedures." 19-A M.R.S. § 2006(8). Parties to a divorce judgment must be made aware of their rights to seek modification because the court's jurisdiction to retroactively modify child support orders extends only to the date that the motion for modification was served. *See* 19-A M.R.S. § 2009(2) (2012); *Levasseur v. Levasseur*, 2010 ME 5, ¶ 6, 987 A.2d 528.

[¶17] Incarcerated parents are required to pay child support only to the extent that they are able. A court may only impute income to an incarcerated parent that the parent can earn while incarcerated. 19-A M.R.S. § 2001(5)(D) (2012).[5] But the court may require an incarcerated parent to pay child support in excess of his or her earning capacity if the parent has access to other assets. *See Hebert v. Hebert*, 475 A.2d 422, 425-26 (Me. 1984). A party's ownership of

---

[4] Title 19-A M.R.S. § 2006(9) (2012) reads:

> **Notice of right to review.** A judicial order or administrative order issued or modified in this State that includes an order for child support must include a statement that advises parents of the right to request the issuing authority to review and, if appropriate, modify the child support order according to the State's child support guidelines.

[5] Title 19-A M.R.S. § 2001(5)(D) (2012) provides, in relevant part, that "[a] party who is incarcerated in a correctional or penal institution is deemed available only for employment that is available through such institutions."

substantial assets may allow the court to consider the availability of those assets in fashioning an equitable award of child support or reimbursement spousal support. *Id*.

[¶18] On remand, the District Court must modify its judgment to include "a provision for child support . . . or a statement of the reasons for not ordering child support" and the other required notices and findings. *See* 19-A M.R.S. §§ 1653(2)(D)(3), 2006(7)-(9). Thomas's incarceration does not obviate the need for the divorce judgment to address child support. Thomas's son will still be a minor when Thomas is released from prison. Although the court retains jurisdiction to modify the child support portion of its judgment after Thomas is released, it lacks statutory authority to modify the judgment's division of marital property. *See Lewin v. Skehan*, 2012 ME 31, ¶ 26, 39 A.3d 58; *see also Merrill v. Merrill*, 449 A.2d 1120, 1124 (Me. 1982). It is thus important for the court to consider child support and the property distribution in the same original judgment.

[¶19] We review issues related to child support for an abuse of discretion. *Akers v. Akers*, 2012 ME 75, ¶ 8, 44 A.3d 311. We accordingly express no opinion as to the appropriate amount of child support, if any, that the court may order following remand. We simply direct that the court address the issue of child support in its judgment.

B.    Financial Award

[¶20]  Abby argues that the court should have found that a constructive trust existed as to the stock that Thomas transferred to his mother for the benefit of his son and the assets that Thomas transferred to his daughter, both in violation of the court's injunction. The record amply supports the District Court's finding that Thomas's criminal activity and his dissipation of assets in violation of the injunction amounted to financial misconduct.  When the District Court addresses the issue of child support, it will also have an opportunity to reexamine its remedy for the misconduct and its entire financial award.[6]  *See Dostanko*, 2013 ME 47, ¶¶ 10, 13, --- A.3d ---.

[¶21] Abby contends that the court should have awarded her the assets through a constructive trust despite the apparent change in ownership of them. There are challenges presented, however, when a third party holds property at issue in a divorce proceeding.  *See Howard v. Howard*, 2010 ME 83, ¶¶ 10-18, 2 A.3d 318; *see also* M.R. Civ. P. 111(a), (c) (limiting the opportunities for joinder and intervention in Family Division actions).  In *Howard*, we described the procedure required when a third party claims an interest in marital property at issue in a

---

[6]  We address the financial award because the District Court is likely to revisit the issue on remand, *see Wrenn v. Lewis*, 2003 ME 29, ¶ 24, 818 A.2d 1005, and because considering Thomas's responsibility for child support may necessitate the court's reconsideration of the fairness of all provisions of the judgment, *see Sewall v. Saritvanich*, 1999 ME 46, ¶ 26, 726 A.2d 224.

divorce. *Id.* As we articulated, the District Court lacks personal jurisdiction over a non-party to a divorce action. *Id.* ¶ 12. A party must institute a separate action against a third party to resolve disputes over property, and consolidation of the independent action and the divorce proceeding may be appropriate. *Id.* ¶¶ 14, 17-18. There is nothing suggested in the record that might have prevented Abby from filing an independent action seeking to impose a constructive trust, but such an action would be required for the court to obtain personal jurisdiction over those to whom Thomas transferred assets.[7]

[¶22] We also cannot resolve Abby's claim that a constructive trust exists and that the minor settlement should be reviewed because of the absence of evidence and factual findings regarding the minor settlement. As noted above, the basis for the Superior Court's approval of the minor settlement is not indicated in the record. We therefore remand this matter for the court to reconsider the financial aspects of the judgment anew.

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

[7] Of course, the court has the authority to award Thomas's tools to Abby or award her any interest that Thomas has, now or in the future, in the property that he transferred to third parties. In the alternative, the court may consider modifying its award of reimbursement support pursuant to 19-A M.R.S. § 951-A(2)(C) (2012). Finally, upon a finding of contempt for a violation of the preliminary injunction, *see* 19-A M.R.S. § 903(3)(A) (2012), the court may impose a monetary judgment against Thomas and leave it to him to unravel the financial transactions at issue. *See Dostanko v. Dostanko*, 2013 ME 47, ¶¶ 10, 13, --- A.3d ---.

_____

**On the briefs:**

Donald F. Brown, Esq., Brewer, for appellant Abby L. King

Jeffrey C. Toothaker, Esq., Toothaker & Chong, Ellsworth, for appellee Thomas E. King

Ellsworth District Court docket number FM-2010-324
FOR CLERKS REFERENCE ONLY