MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2014 ME 153
Docket:         Yor-14-149
Submitted
  On Briefs:    December 1, 2014
Decided:        December 31, 2014

Panel:          SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

LAWRENCE S. IRELAND

v.

BROOKE (IRELAND) TARDIFF

ALEXANDER, J.

[¶1]  Lawrence S. Ireland appeals from a judgment of the District Court (York, *Cantara, J.*) finding him in contempt pursuant to M.R. Civ. P. 66 for his failure to make timely payment to his former wife, Brooke (Ireland) Tardiff, pursuant to their divorce judgment.  Ireland argues that the court erred or abused its discretion in finding that Ireland could make four payments of $10,537.50 within nine months, as ordered, and in making its ultimate finding of contempt.  Because the court's findings, made applying the appropriate standard of proof, are supported by competent evidence in the record, we affirm the judgment.

I.  CASE HISTORY

[¶2]  Lawrence S. Ireland and Brooke (Ireland) Tardiff were divorced by a judgment entered by the District Court (*Cantara, J.*) in August 2012.  As part of

the division of marital property, the judgment, which was based on the parties' settlement agreement, required that Ireland pay Tardiff $50,000 within 120 days of the judgment. This sum included Tardiff's one-half interest in the value of Ireland's personal business, which was assigned an agreed-upon value of $60,000, plus one-half of a $40,000 sum that Ireland had removed from a safe deposit box and disposed of in violation of a preliminary injunction issued pursuant to M.R. Civ. P. 104. After calculating other obligations owed by each party, the sum Ireland was actually required to pay was $42,150. Ireland did not appeal or otherwise seek relief from the divorce judgment.

[¶3] As of March 2013, seven months after the divorce judgment, Ireland had failed to pay any of the judgment amount, and Tardiff filed a motion to enforce the divorce judgment pursuant to M.R. Civ. P. 120. After a motion hearing held in April 2013, the court (*Janelle, J.*) issued an enforcement order requiring Ireland to pay Tardiff the requisite $42,150 sum within thirty days of the order, with statutory post-judgment interest accruing if timely payment was not made, and with attorney fees. *See* 14 M.R.S. § 1602-C(1)(B) (2014); 19-A M.R.S. § 105(1) (2014).

[¶4] The record indicates that following the enforcement order, Ireland sent Tardiff only $300 of the required judgment. Meanwhile, between March and August 2013, Ireland gave several gifts and "loans" to others, totaling nearly $2000, from his commingled business and personal checking accounts.

[¶5]  In July 2013, Tardiff filed a verified motion for contempt pursuant to M.R. Civ. P. 66 and M.R. Civ. P. 120.  Ireland opposed the motion, claiming an inability to pay, and sought an order permitting monthly payments.  Following a discovery conference held in November 2013, the court issued orders requiring Ireland to pay attorney fees in connection with Tardiff's successful motion to enforce and the pending contempt motion.

[¶6]  After a hearing on the motion for contempt in January 2014, the court (*Cantara, J.*) issued a contempt order on February 7, 2014.  In its order, the court found by clear and convincing evidence, pursuant to M.R. Civ. P. 66(d)(2)(D), that Ireland had failed to make the payments "despite having the ability to do so, at least in part."  It further stated that Ireland "demonstrated a cavalier and insouciant approach to his court-ordered financial obligations toward[] [Tardiff]."  The court sentenced Ireland to ninety days in the York County Jail, with the opportunity to purge himself of the contempt by making four payments of $10,537.50, including post-judgment interest, between April 4 and November 21, 2014.

[¶7]  Ireland subsequently moved to reconsider, *see* M.R. Civ. P. 59(e), and moved for further findings regarding his finances and ability to make the payments as ordered, *see* M.R. Civ. P. 52(a).  The court denied Ireland's motion to reconsider but made several additional findings, citing specific instances in which Ireland had paid discretionary funds to others and concluding that Ireland had

4

exhibited "an on-going pattern of shirking his court-ordered financial obligations to [Tardiff]." The court further found that Ireland had $181,545 in gross business receipts in 2012 and possessed vehicles and equipment, which the record indicated had a value of at least $88,700, and which he could sell to help meet his court-ordered obligations. Accordingly, the court found that Ireland was capable of meeting the ordered payments as outlined in the contempt order. Ireland filed this timely appeal pursuant to M.R. Civ. P. 66(b)(5) and M.R. App. P. 2(b)(3).

## II. LEGAL ANALYSIS

[¶8] We review a court's factual findings underlying a civil contempt order for clear error and will affirm those findings if they are supported by competent evidence in the record. *Murphy v. Bartlett*, 2014 ME 13, ¶¶ 7, 10-12, 86 A.3d 610. "When there is no clear error in the factual findings, we review the judgment of civil contempt for an abuse of discretion." *Lewin v. Skehan*, 2012 ME 31, ¶ 18, 39 A.3d 58. A party seeking a finding of contempt and a remedial sanction pursuant to M.R. Civ. P. 66(d)(2)(D) must show, by clear and convincing evidence, "that the alleged contemnor failed or refused to comply with a court order and presently has the ability to comply with that order." *Lewin*, 2012 ME 31, ¶ 19, 39 A.3d 58 (citing *Efstathiou v. Efstathiou*, 2009 ME 107, ¶ 11, 982 A.2d 339). A contemnor has an obligation to comply with a court order to the fullest extent possible, even if it results only in partial payment or compliance. *See*

*Efstathiou,* 2009 ME 107, ¶¶ 12-15, 982 A.2d 339 (holding that the trial court erred in failing to consider the defendant's ability to pay a portion of the total divorce judgment when he personally owned real estate assets, earned significant gross income, and had paid other debts following the judgment).

[¶9]   Here, the court made specific findings, supported by competent evidence in the record, to support its conclusion that Ireland had the ability to make the ordered payments and had failed to make a good faith effort to comply with the court's order.   The record confirms that Ireland managed his funds with little concern for the exigency of his court-ordered obligations, sending Tardiff only a small fraction of the judgment amount, while his business grossed significant funds and he spent thousands of dollars on loans and gifts to friends and co-workers.

[¶10]   Ireland's recorded expenditures both before and after the divorce judgment demonstrate a notable lack of regard for his court-imposed financial obligations.   Shortly before the final divorce judgment, in July 2012, he made a $541.50 "loan" to a coworker with a memo line describing it as a "girlfriend loan" and paid $300 to another acquaintance for a "back rub."   This offhand approach went unchanged following the divorce judgment and long after the judgment was past due, as demonstrated by an October 2012 gift of $125 to a relative with a memo line stating it was for "sex therapy," a March 2013 gift of $112 for an acquaintance's "haircut," and numerous checks of $100 or more to friends and

6

business acquaintances during the spring of 2013. The court's contempt order was therefore properly based not only on Ireland's failure to comply with its order to the fullest extent possible, *see Efstathiou*, 2009 ME 107, ¶ 13, 982 A.2d 339, but also on his cavalier behavior and apparent refusal to take the court-ordered division of marital property seriously.[1]

[¶11] Because the divorce judgment ordered Ireland to make the payment in order to equitably dispose of the marital property, including the business property, it was within the court's discretion to require Ireland to use business and other assets to pay Tardiff for her share of the marital property. *See generally Dargie v. Dargie*, 2001 ME 127, ¶¶ 13, 16, 778 A.2d 353 (affirming a divorce judgment requiring a former husband to pay one-half of the value of his business interest to his former wife). The court properly found, based on competent evidence in the record, that Ireland had the ability to comply with the court order, at least in part, and failed or refused to comply with that order. *See Lewin*, 2012 ME 31, ¶ 19, 39 A.3d 58; *Efstathiou*, 2009 ME 107, ¶ 11, 982 A.2d 339. Thus, the court did not

---

[1] Although the court may have made some unsupported findings in its order dated March 14, 2014, including that Ireland possessed specified balances available to him in his business and personal accounts at given times, any such error was harmless and did not affect his substantial rights. *See* M.R. Civ. P. 61; *Starrett v. Starrett*, 2014 ME 112, ¶16, 101 A.3d 435 ("To obtain relief on appeal, a party claiming error must demonstrate prejudice resulting from the error."). The court made sufficient other findings, supported by competent evidence in record, to support a finding of contempt, including that Ireland's business property could be used to satisfy the judgment.

abuse its discretion in finding Ireland in contempt pursuant to M.R. Civ. P. 66.  *See*

*Lewin*, 2012 ME 31, ¶ 18, 39 A.3d 58.

The entry is:

> Judgment affirmed.  Mandate to issue forthwith.
> Remanded to the District Court for enforcement of
> the contempt order.

---

**On the briefs:**

David J. Bobrow, Esq., Bedard and Bobrow, PC, Eliot, for appellant Lawrence S. Ireland

Alicia M. Cushing, Esq., Givertz, Scheffee & Lavoie, PA, Portland, for appellee Brooke (Ireland) Tardiff

York District Court docket number FM-2011-67