MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2015 ME 83
Docket:       Aro-14-324
Argued:       June 18, 2015
Decided:      July 9, 2015

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

SUSAN E. (GERAKARIS) ROBERTSON

v.

ANDREW N. GERAKARIS

PER CURIAM

[¶1]   Andrew N. Gerakaris appeals from a judgment of the District Court (Caribou, *Soucy, J.*) denying his motion to modify parental rights and responsibilities, granting two motions for contempt filed by Susan E. (Gerakaris) Robertson, and altering the parties' schedule of parent-child contact.  Gerakaris argues that the court abused its discretion and violated his due process rights by failing to recuse from the matter.  In addition, he argues that the court erred or abused its discretion by excluding the testimony of the parties' two younger children, denying his motion to modify, and awarding attorney fees.  We affirm the judgment.

## I.  CASE HISTORY

[¶2]   Viewed in the light most favorable to the trial court's decision, the following facts are derived from the motion record.  *See Sloan v. Christianson*,

2012 ME 72, ¶ 2, 43 A.3d 978. Gerakaris and Robertson were divorced by a judgment entered in 2006. By agreement of the parties, Robertson was awarded sole parental rights and responsibilities and primary residence of the parties' three children. The parties have a high-conflict post-divorce relationship, and the matter of parental rights and responsibilities has since been reheard on several occasions following a litany of motions to modify filed by Gerakaris and motions for contempt filed by both parties.[1]

[¶3] As of August 2010, the parties were subject to an order of the District Court giving them "parallel, but not fully shared," parental rights and responsibilities. Gerakaris had the right to be fully informed of and to comment on significant parenting decisions, but Robertson was to make final binding decisions regarding the children's care in the event of disagreement. The order set forth a schedule strictly defining parent-child contact and provided that the parties were to be punctual with scheduled visits and would be subject to penalties for contempt of court for failure to abide by the schedule.

[¶4] During subsequent years, Gerakaris routinely and intentionally failed to return the children to Roberton's home on time following weekend visits, often returning them late at night or in the early hours of the morning. Despite the

---

[1] Robertson also obtained a protection from abuse order against Gerakaris in 2007, pursuant to 19-A M.R.S. §§ 4003 and 4007 (2014), which has since been extended multiple times, most recently by the order from which Gerakaris appeals. Gerakaris does not challenge the court's extension of the protection from abuse order in this appeal.

court's denial of his requests for increased contact, Gerakaris appeared unscheduled at events and continued to contact the children outside of the court-ordered schedule. Gerakaris also engaged in a variety of negative and controlling behaviors that undermined the children's relationship with their mother. This behavior had significant adverse effects on the children, particularly the parties' eldest son, who regularly missed school as the result of repeated late returns from visits and presented serious discipline problems at home.

[¶5] In his motion at issue in this appeal, filed in May 2013, Gerakaris requested that the court award him primary residence of the three children and child support. Gerakaris alleged that circumstances had substantially changed since the court's previous orders, in part because the children had stated a preference to reside with him. *See* 19-A M.R.S. § 1657(1)(A), (2) (2014). Robertson then filed two motions for contempt, alleging that Gerakaris had violated the contact provisions of the 2010 order by making unscheduled visits and failing to follow the visitation timeframes. The court scheduled the motions to be heard together.

[¶6] One week before the scheduled hearing date, Gerakaris filed a motion for recusal and transfer, alleging that the judge, or family members of the judge, had a history of prior professional contacts with Robertson and members of her extended family. He also alleged that the judge's previous decisions had favored

4

Robertson in a way that suggested bias and personal animosity toward him. These allegations largely mirrored a motion for recusal that Gerakaris had filed in 2010. He further referenced in his motion a complaint that he had filed, also in 2010, with the Committee on Judicial Responsibility and Disability.

[¶7] The court held two hearings on January 16 and April 28, 2014. Gerakaris first testified in support of his motion for recusal and transfer, further explaining certain business and attorney-client relationships that he believed created a personal bias by the judge in favor of Robertson. The judge responded that, although he had a relationship with a corporation several years ago involving certain members of Robertson's extended family, he was not aware of Robertson's relationship to these individuals and could not "conceive of a way that that would make [the court] biased with this case." In response to another allegation regarding a potential business interaction between the presiding judge's long-deceased father and Robertson's personally-owned business, the judge denied any personal involvement with that business or knowledge of his father's interactions with the business, which would have occurred at least fifteen years in the past. The court ultimately denied the motion.

[¶8] Proceeding on the merits of the remaining motions, the court initially indicated that it would allow all three of the children to testify. When it became clear that Gerakaris was actually seeking to change primary residence of only the

eldest son, however, the court ruled that only the eldest son could testify. Gerakaris later made an offer of proof, stating that the younger children's testimony could help to clarify certain credibility questions regarding the parties' testimony.[2] The court determined that the possible negative effects on the children that could arise from forcing them to testify in this hotly contested matter between the parents outweighed the possible probative value of the children's testimony.

[¶9]  By an order entered on May 23, 2014, the court denied Gerakaris's motion to modify and granted Robertson's motions for contempt.  In its contempt order, the court awarded Robertson sole parental rights and responsibilities with respect to the children's medical and mental health care and also ordered Robertson to immediately enroll the children in age-appropriate mental health counseling and treatment.  The court also modified the existing contact order, in part, by terminating Gerakaris's monthly contact provisions, further limiting his summer contact schedule, and specifying that Gerakaris was to have no in-person contact with the children except in accordance with the schedule.  Finally, the court ordered Gerakaris to pay Robertson's attorney fees.  Gerakaris filed this timely appeal pursuant to 14 M.R.S. § 1901 (2014) and M.R. App. P. 2.

---

[2]  As an example, Gerakaris referred to the differing testimony given by the two parties and the eldest son as to whether Robertson had ever shut the ringer off on her house phone in an attempt to interfere with Gerakaris's contact with the children.

## II. LEGAL ANALYSIS

[¶10] We review a trial court's decision on a motion to recuse for an abuse of discretion. *See State v. Atwood*, 2010 ME 12, ¶ 20, 988 A.2d 981. Pursuant to the Maine Code of Judicial Conduct, "a judge must recuse himself on motion for recusal made by any party in which his impartiality might reasonably be questioned or in which the judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding." *Charette v. Charette*, 2013 ME 4, ¶ 21, 60 A.3d 1264; *see also* M. Code Jud. Conduct I(3)(E)(2).[3] However, the fact "[t]hat a court has decided disputed issues of law and fact against a party is not, without more, evidence of lack of impartiality." *Dalton v. Dalton*, 2014 ME 108, ¶ 25, 99 A.3d 723. Here, Gerakaris's contentions of judicial bias are without merit. The court's previous orders, as well as its most recent order, were based on competent evidence in the record and the court's evaluation of the children's best interests in a highly contentious post-divorce situation. The court has not demonstrated, as Gerakaris suggests, personal animosity or bias.[4]

---

[3] As of September 1, 2015, disqualification or recusal of judges will be governed by Rule 2.11 of the Maine Code of Judicial Conduct. *See* M. Code Jud. Conduct R. 2.11(A) (effective Sept. 1, 2015).

[4] The fact that Gerakaris filed a complaint with the Committee on Judicial Responsibility and Disability is also insufficient, without evidence of bias, to warrant recusal. *See State v. Murphy*, 2010 ME 140, ¶ 18, 10 A.3d 697 ("[J]udges should avoid recusal in situations when parties engage in actions seeking to cause recusal."). In Advisory Opinion 91-1, the Advisory Committee on the Maine Code of Judicial Conduct concluded that a judge is not required to recuse from a case on the sole ground

[¶11]  We have recognized the "unavoidable fact of litigation in small Maine communities that a judge, or members of his or her family, may know of a party . . . or someone related to a party or a witness, or may even have done business with somebody whose name may come up in a case." *Charette*, 2013 ME 4, ¶ 24, 60 A.3d 1264.  Once the court became aware of its potential connection to Robertson or her extended family members—which, even as alleged, was tenuous at best—the court fulfilled its duty to '"promptly disclose to the parties . . . any fact known to the [court] that [was] relevant to the question of impartiality."' *Atwood*, 2010 ME 12, ¶ 22, 988 A.2d 981 (quoting M. Code Jud. Conduct I(3)(E)(3)).  The court was obligated to hear the case once it determined it could decide the matter impartially, and it did not abuse its discretion by denying Gerakaris's motion. *See Dalton*, 2014 ME 108, ¶¶ 23-26, 99 A.3d 723; *In re Michael M.*, 2000 ME 204, ¶ 14, 761 A.2d 865; *see also* M. Code Jud. Conduct R. 2.11 Advisory Note to 2015 Code (effective Sept. 1, 2015) (discussing standards for recusal).[5]

---

that a party to that action has filed a complaint against the judge with the Committee on Judicial Responsibility and Disability.  *See also Rodgers v. Knight*, 781 F.3d 932, 943 (8th Cir. 2015) (holding that the plaintiff's counsel's filing of a judicial conduct complaint against the judge in previous, unrelated litigation did not require recusal in the pending litigation).

[5]  Gerakaris's due process argument also fails because he has not met his burden to show either actual bias or the appearance of bias.  *See Capterton v. A. T. Massey Coal Co.*, 556 U.S. 868, 881, 883, 888 (2009). The U.S. Supreme Court has recognized that "[b]ecause the codes of judicial conduct provide more protection than due process requires, most disputes over disqualification will be resolved without resort to the Constitution.  Application of the constitutional standard . . . will thus be confined to rare

8

[¶12] Gerakaris also argues that the court abused its discretion by excluding the testimony of the parties' two younger children. A trial court has broad discretion to exclude a child's testimony pursuant to M.R. Evid. 403 if the prospective testimony may be "emotionally harmful to the child or undermine a child's long-term relationship with either or both parents," or "if the testimony will be cumulative or a waste of time." *Nadeau v. Nadeau*, 2008 ME 147, ¶ 29, 957 A.2d 108; *see also State v. Pinkham*, 411 A.2d 1021, 1023 (Me. 1980). Based on Gerakaris's limited offer of proof, the court acted within its broad discretion to exclude the proffered testimony as potentially emotionally harmful to the younger children and needlessly cumulative of evidence already provided by the parties and the eldest son.

[¶13] As for Gerakaris's remaining arguments, we discern no error or abuse of discretion in the court's ultimate allocation of parental rights and responsibilities, *see* 19-A M.R.S. §§ 1653(3), 1657(1)(A), (2) (2014); *Bulkley v. Bulkley*, 2013 ME 101, ¶¶ 11, 14, 82 A.3d 116, or its award of attorney fees, *see* M.R. Civ. P. 66(d)(3)(C); *Dostanko v. Dostanko*, 2013 ME 47, ¶¶ 18-19, 65 A.3d 1271; *Efstathiou v. Efstathiou*, 2009 ME 107, ¶ 17, 982 A.2d 339.

---

instances." *Id.* at 890. Here, the court's decision to continue to preside over the case after denying Gerakaris's motion to recuse presents no constitutional violation.

The entry is:

Judgment affirmed.

_____

**On the briefs:**

Richard L. Currier, Esq., and Jon P. Plourde, Esq., Currier and Trask, P.A., Presque Isle, for appellant Andrew N. Gerakaris

Jessica A. Demers, Esq., Portland, for appellee Susan E. (Gerakaris) Robertson

**At oral argument:**

Richard L. Currier, Esq., for appellant Andrew N. Gerakaris

Jessica A. Demers, Esq., for appellee Susan E. (Gerakaris) Robertson

Caribou District Court docket number FM-2006-8
FOR CLERK REFERENCE ONLY