MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2019 ME 101
Docket:        Som-19-6
Argued:        June 13, 2019
Decided:       June 27, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

PAUL SCHAFER

v.

MELEAH SCHAFER

PER CURIAM

[¶1]  Paul Schafer appeals from a judgment of divorce from Meleah Schafer entered by the District Court (Skowhegan, *Benson, J.*) after a contested hearing, and from the court's denial of his post-judgment motions to alter or amend the judgment or for a new trial.  *See* M.R. Civ. P. 59.  He argues that the court abused its discretion by (1) granting the mother primary physical residence of the parties' child and (2) failing to order "substantial equal contact."  Based on the record before us, we discern no error in the court's factual findings, nor any abuse of discretion in its awarding primary residence of the parties' minor child to the mother and establishing a gradually increasing contact schedule for the father.  *See Malenko v. Handrahan*, 2009 ME 96, ¶ 37, 979 A.2d 1269 (explaining that in the absence of a motion for further findings

of fact pursuant to M.R. Civ. P. 52(b), we assume that the court found all the facts necessary to support the judgment if those findings are supported in the record); *see also Bulkley v. Bulkley*, 2013 ME 101, ¶¶ 10, 13-14, 82 A.3d 116; *Grant v. Hamm*, 2012 ME 79, ¶ 14, 48 A.3d 789.

[¶2] The parties' briefs and the court's divorce judgment indicate that prior to the divorce hearing, the father had appeared before the same judge in proceedings leading to his convictions for domestic violence assault and violation of a condition of release and his participation in domestic violence court. At no time during the divorce proceedings, or at any time before the court ruled on his first post-judgment motions, did the father question the court's impartiality or move for the court to recuse.

[¶3] Approximately seven weeks after the divorce judgment was entered, and ten days after ruling on the father's first post-judgment motions, the trial judge (*Benson, J.*) recused himself, without an explanation. *See* M. Code Jud. Conduct R. 2.11 ("A judge who disqualifies or recuses himself or herself in any proceeding need not state the grounds for disqualification or recusal.").

[¶4] The following day, the father appealed. 19-A M.R.S. § 104 (2018); M.R. App. P. 2B(c)(2)(C)-(D). While the appeal was pending, he filed a second motion for a new trial. M.R. Civ. P. 59(a), (b). In that motion, the father's

attorney stated that he "cannot help but feel that the decision in his divorce case may have been prejudiced by Judge Benson's involvement" in the criminal case and the ultimate recusal of Judge Benson. The court (*Montgomery, J.*) summarily denied the second motion for a new trial.

[¶5] In this appeal, the father argues, briefly and without citation to authority, that because the trial judge recused himself *sua sponte* after the judgment, "[i]t appears that there may have been undue prejudice by the trial judge" due to his participation in other proceedings involving the father.

[¶6] Because the record provides no support for the father's claim, we conclude that the trial judge did not err, much less obviously err, in failing to recuse himself *sua sponte* during the trial. *See Samsara Mem'l Trust v. Kelly, Remmel & Zimmerman*, 2014 ME 107, ¶ 25, 102 A.3d 757 ("When a party fails to make a timely motion for recusal or disclosure, we review for obvious error."); *see also* M. Code Jud. Conduct R. 2.2 and Advisory Note to 2015 Code (Impartiality and Fairness); M. Code Jud. Conduct R. 2.11 and Advisory Note to 2015 Code (Prior Rulings, Information Gained in the Course of Judicial Proceedings); *In re Nadeau*, 2018 ME 18, ¶ 15, 178 A.3d 495 ("[R]ulings against a litigant or knowledge gained by a judge in a prior or related court proceeding,

including impressions of a litigant's personal history or credibility, are not sufficient grounds to recuse a judge in a subsequent matter.").

[¶7] Pursuant to Rule 2.11(A) of the Maine Code of Judicial Conduct, a judge must recuse from a proceeding when a party to that proceeding moves for the judge's recusal *and* the judge's impartiality might reasonably be questioned, the judge has a personal bias or prejudice concerning a party, or the judge has personal extra-judicial knowledge of disputed evidentiary facts concerning the proceeding. *See Charette v. Charette*, 2013 ME 4, ¶ 21, 60 A.3d 1264; *see also* M.R. Civ. P. 63(b)(2). "Personal" knowledge of facts in dispute in the matter before the judge is not knowledge acquired by the judge from sitting in other proceedings involving the parties. *See* M. Code Jud. Conduct R. 2.11(A)(1). When there is no reasonable basis for recusal, a judge is as much obligated not to recuse when it is not necessary as the judge is obliged to recuse when it is necessary. *In re Michael M.*, 2000 ME 204, ¶ 14, 761 A.2d 865.

[¶8] Here, the father cannot show any error by the trial court. He never requested the recusal of the trial judge,[1] does not cite any legal authority to

---

[1] In *MacCormick v. MacCormick*, 513 A.2d 266 (Me. 1986), we explained why a timely motion to recuse is required:

support his claims, and makes no attempt to explain how the court's judgment—including its finding that "the plaintiff is a good father"—demonstrates the court's prejudice against him.

[¶9]  The mother argues that, in addition to her costs on appeal, *see* M.R. App. P. 13, she should be awarded attorney fees for the appeal.  Any divorce proceeding may result in an award of attorney fees, 19-A M.R.S. § 105 (2018), but entitlement to an award of attorney fees on appeal should be decided by the trial court on remand.

The entry is:

> Judgment affirmed.  Remanded for further proceedings on the mother's request for attorney fees.

---

A party may not elect to take a chance on gaining a favorable decision and then, if the decision is unfavorable, raise grounds for recusal of which [he] or [his] counsel had actual knowledge prior to the decision being made.  Once a judgment has been entered in a case, a party has waived his right to disqualify the trial judge and if he has waived that issue, he cannot be heard to complain following an unfavorable result.

*Id*. at 267-68 (citation omitted).

Anthony P. Shusta II, Esq. (orally), Law Offices of Anthony P. Shusta II, Madison, for appellant Paul Schafer

Jennifer M. Bryant, Esq. (orally), Jim Mitchell & Jed Davis, P.A., Augusta, for appellee Meleah Schafer

Skowhegan District Court docket number FM-2018-58
FOR CLERK REFERENCE ONLY