MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2020 ME 47
Docket:       Aro-19-265
Argued:       December 5, 2019
Decided:      April 14, 2020

Panel:        SAUFLEY, C.J., MEAD, GORMAN, JABAR, and HUMPHREY, JJ.*

## TODD E. MATHIESEN

v.

## KARIE ANN (MATHIESEN) MICHAUD

GORMAN, J.

[¶1]  Todd E. Mathiesen appeals from a judgment of divorce between the parties entered by the District Court (Fort Kent, *Soucy, J.*).  Mathiesen argues that the court erred in denying his motion for recusal.  We affirm the judgment.

## I.  BACKGROUND

[¶2]   The following facts are undisputed.   Mathiesen and Karie Ann (Mathiesen) Michaud were married on August 9, 2014, and have one child together.[1]  On June 10, 2018, Mathiesen twice slapped Michaud across the face and was arrested on a charge of domestic violence assault.

---

* Although Justice Alexander participated in the appeal, he retired before this opinion was certified.

[1] Michaud also has children from previous relationships.

[¶3]  On June 18, 2018, Mathiesen filed a complaint for divorce.  The court held a three-day final hearing in 2019.  At that hearing, the parties' primary area of contention was the allocation of parental rights and responsibilities concerning their child.

[¶4]  On April 12, 2019, after the close of evidence, but before the court reached a decision in the divorce matter, Mathiesen verbally confronted one of Michaud's relatives at the child's elementary school.  Michaud's relative recorded the incident on her phone and provided the recording to law enforcement officials.  On May 8, 2019, nearly one month later, Mathiesen was arrested and charged with tampering with a witness and violating conditions of release.  *See* 17-A M.R.S. § 454 (1)(B) (2018); 15 M.R.S. § 1092(1)(2018).

[¶5]  On May 10, 2019, the judge who had the divorce case under advisement emailed the parties' divorce attorneys that Mathiesen "appears in this morning's in-custody list, facing charges of Tampering with a Witness and VCR."  Later that day, the judge presided over Mathiesen's arraignment; Mathiesen was represented by the attorney who represented him in the divorce proceedings.  Ten days later, Mathiesen moved to reopen the evidence—not regarding his arrest, but regarding other matters.

[¶6]  On May 29, 2019, the court held a conference to discuss with the parties Mathiesen's new criminal charges and his pending motion.  At that conference, the judge stated,

> [T]here's an issue about information that the Court has in connection with new pending charges against Mr. Mathiesen.  I was doing [in-]custodies a couple of weeks ago on a Friday and Mr. Mathiesen appeared in front of me from the Aroostook County Jail, having been charged with a Class B tampering with a witness and some other charges.  And in the course of preparing for that initial appearance, I reviewed affidavits in the police report that outlined some of the behavior that formed the basis for the State's charges.
>
> And I thought it important that having taken in that information, that the pertinent portion of it be made part of the record in the divorce proceeding, because I was, at that time, ready to decide or had decided the divorce case and this is material new information.

The judge explained that he understood that Mathiesen's behavior had been recorded and that, although he had not seen the recording, he had read affidavits containing transcriptions of the recording.  The judge acknowledged that the affidavits described troubling behavior by Mathiesen:

> Now, after that I became aware of a charge brought against Mr. Mathiesen—what we've been talking about here—that includes a recorded video that I have not seen but portions of which were quoted verbatim reportedly in a probable cause affidavit and a police report.  And I have to say if true, that changes my thinking in the case.  And it will result in a different decision than the one I was prepared to issue before I heard that.  I can't unthink that.  I can't unring that.

4

> Now, judges do that all the time with respect to some kind of evidence, but I don't think I can do it in this case. And so I have to find a way, in fairness to Mr. Mathiesen, to put this on the record.

Later during the colloquy, counsel for Mathiesen volunteered, as an alternative option, that the judge recuse himself. The judge responded,

> I would but frankly, we have months of litigation in this, and the better way is for me to acknowledge on the record, as I have, the evidence that came to me inadvertently. I didn't seek it out. It came to me in the course of doing my work . . . .

> The best way is to put that information on the record in some meaningful way with an opportunity for Mr. Mathiesen, through our due process, to respond to it in a fair way. Otherwise we're abandoning a huge allocation of resource here, and I don't think that's appropriate.

At the conclusion of that conference, the court granted Mathiesen's motion to reopen the evidence.

[¶7]  Michaud filed her own motion to reopen the evidence on June 3, 2019, and both motions were then set for hearing on June 13, 2019. On the date of the hearing, Mathiesen filed a motion for recusal.[2] At that hearing, the court orally denied the motion for recusal:

> Now, the fact that the Court is privy to the allegations made, is just an [un]avoidable fact of the practice that we have here in the District Court. So our duty in a situation like that, I don't think is to recuse, having stumbled across evidence that has bearing on the case. I think our duty is to be candid with the parties regarding

---

[2] For reasons we cannot discern, this motion was never docketed.

whether or not it is material in some nature. And if it is, to give the parties an opportunity to address it, fairly, openly in court, which is what we're here to do today.

[¶8] On June 17, 2019, the court issued a divorce judgment that, among other things, awarded primary physical residence of the parties' child to Michaud. Mathiesen timely appealed. *See* M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶9] On appeal, Mathiesen argues only that the court abused its discretion in denying his motion for recusal. We review decisions on motions to recuse for an abuse of discretion. *In re J.R.*, 2013 ME 58, ¶ 16, 69 A.3d 406.

[¶10] Pursuant to the Maine Code of Judicial Conduct, a judge must recuse in a matter if the judge's "impartiality might reasonably be questioned," including if "[t]he judge has a personal bias or prejudice concerning a party or a party's lawyer, or the judge has personal knowledge of facts that are in dispute in the proceeding when the personal knowledge that would form the basis for disqualification has been gained outside the regular course of present or prior judicial proceedings." M. Code Jud. Conduct R. 2.11(A)(1)(2017); *see Robertson v. Gerakaris*, 2015 ME 83, ¶ 10, 119 A.3d 739. In this case, the judge received information concerning Mathiesen's new criminal charges through the regular course of in-custody initial appearances. As we have explained, "information

6

gained or opinions formed by a trial judge based on events or facts presented in the same or other judicial proceedings do not constitute a basis for recusal except in the extraordinary circumstances that demonstrate a deep-seated favoritism or antagonism that would make fair judgment *impossible*." *State v. Boyce*, 1998 ME 219, ¶ 8, 718 A.2d 1097 (quotation marks omitted); *State v. Bard*, 2018 ME 38, ¶ 43, 181 A.3d 187.

[¶11]  Perhaps recognizing that the judge's receipt of new information from this subsequent judicial proceeding did not require his recusal in the divorce proceeding, *cf. State v. Rameau*, 685 A.2d 761, 763 (Me. 1996) ("Generally, knowledge gained in a prior proceeding is not a sufficient ground to recuse a judge in a subsequent matter."), Mathiesen nonetheless contends that he was denied an impartial judge.  That argument is wholly unpersuasive, as there is *no* evidence of judicial bias or prejudice in this case.

[¶12]  This judge did precisely what judges should do.  He heard three days of a highly contentious divorce proceeding and, while he had that case under advisement, he continued to do his job.  In the course of that job, he learned that he would be presiding over Mathiesen's arraignment and realized that Mathiesen was one of the parties from his recently-heard divorce case.  The judge prepared for the arraignment by reviewing the documents accompanying

the criminal complaint against Mathiesen and then took the extra step of alerting the parties' attorneys that Mathiesen would soon be in court on new criminal charges.

[¶13]  District Court judges in Maine are "general practitioners."  They are called upon to hear juvenile, civil, family, and criminal cases—sometimes all in one day.  Especially in Maine's less-populated counties, a judge will frequently be called upon to adjudicate one case and then oversee a related criminal matter involving a party to that case.  If the handling of the second case—or anything else—does cause a judge to develop some bias or prejudice, we expect that judge to recuse.  *See State v. Marden*, 673 A.2d 1304, 1308 (Me. 1996) ("No judge should preside in a case in which he is not wholly free, disinterested, impartial and independent." (quotation marks omitted)).  But, "[a]bsent a showing that the trial judge . . . could not be impartial, or reasonably be seen to be impartial, because of particular information he had learned in the criminal matter, [a party's] mere belief that [the] judge might not be completely impartial is insufficient to warrant recusal."  *In re Children of Crystal G.*, 2019 ME 9, ¶ 4, 200 A.3d 267 (third alteration in original) (quotation marks omitted); *see DeCambra v. Carson*, 2008 ME 127, ¶ 8, 953 A.2d 1163 (explaining

that a judge's knowledge concerning a party, but stemming from another criminal matter, is not enough to compel recusal).

[¶14] Here, the judge promptly alerted the parties of his inadvertent receipt of new evidence, placed the matter on the record, acknowledged that the information about Mathiesen—if accurate—was damaging to Mathiesen's demand that he be granted sole parental rights and responsibilities for the parties' child, thoughtfully considered Mathiesen's motion to recuse, and then denied the motion. After denying that motion, as due process requires, the judge provided Mathiesen with an opportunity to be heard regarding his behavior that led to the arraignment. Mathiesen did not, and could not, dispute the video depiction of his abhorrent and out-of-control confrontation of a family member. Nonetheless, the court provided Mathiesen with an unfettered opportunity to address that new evidence at the hearing.[3]

[¶15] Given the circumstances presented in this case, the judge's decision not to recuse himself was entirely proper, and we affirm the judgment.

The entry is:

Judgment affirmed.

---

[3] Moreover, once the judge determined that he was not required to recuse himself, he was duty-bound to oversee the proceedings. *See Schafer v. Schafer*, 2019 ME 101, ¶ 7, 210 A.3d 842 (pronouncing that "[w]hen there is no reasonable basis for a recusal, a judge is as much obligated not to recuse when it is not necessary as the judge is obligated to recuse when it is necessary").

John W. Tebbetts, Esq. (orally), Tebbetts Law Office, LLC, Presque Isle, for appellant Todd Mathiesen

Alan F. Harding, Esq. (orally), Hardings Law Office, Presque Isle, for appellee Karie Ann Mathiesen

Fort Kent District Court docket number FM-2018-39
FOR CLERK REFERENCE ONLY